J-S37007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THEODORE JAMES LUCIW | |
| Appellant | No. 1722 MDA 2016 |

Appeal from the PCRA Order Entered October 4, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0001606-2012

BEFORE:  STABILE, MOULTON,  and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED AUGUST 22, 2017**

Appellant Theodore James Luciw appeals from the October 4, 2016 order entered in the Court of Common Pleas of Luzerne County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed a no-merit brief and petitioned to withdraw under **Turner**/**Finley**.[1] Upon review, we grant the petition to withdraw and dismiss this appeal because Appellant is ineligible for relief under the PCRA.

The facts and procedural history of this case are undisputed.  Briefly, on October 25, 2012, Appellant pleaded guilty to driving under the influence ("DUI") under Section 3802(a)(1), 75 Pa.C.S.A. § 3802(a)(1).  On that same

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

date, he was sentenced to 90 to 365 days' imprisonment. Appellant did not appeal the conviction.

On August 19, 2016, nearly four years after his judgment of sentence became final and nearly three years after his one-year maximum sentence expired, Appellant filed the instant PCRA petition. Appellant sought relief based on the United States Supreme Court's decision in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016).[2] On October 4, 2016, the PCRA court denied Appellant relief, concluding that *Birchfield* could not be applied retroactively. Appellant timely appealed to this Court.

On March 27, 2017, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel raises a single issue for our review: "Whether Appellant's constitutional rights were violated pursuant to *Birchfield*?" *Turner*/*Finley* Brief at 1.

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of *Turner*/*Finley*. For PCRA counsel to withdraw under *Turner*/*Finley* in this Court:

> (1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

---

[2] *Birchfield* held that the Fourth Amendment to the United States Constitution does not permit warrantless blood tests incident to arrests for drunk driving and that a state may not criminalize a motorist's refusal to comply with a demand to submit to blood testing. *Birchfield*, 136 S. Ct. at 2185-86.

     (2)    PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

     (3)    This Court must independently review the record and agree that the appeal is meritless.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *overruled in part by*, *Pitts*).

We find that PCRA counsel has complied with *Turner*/*Finley*. PCRA counsel has petitioned for leave to withdraw and filed an *Anders* brief, which we accept in lieu of a *Turner*/*Finley* no-merit letter.[3] Further, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Widgins*, 29 A.3d at 819.

---

[3] *Anders v. California*, 386 U.S. 738 (1967), sets forth the requirements to withdraw on direct appeal, which are more stringent than the *Turner*/*Finley* requirements that apply on collateral appeal. *See Widgins*, 29 A.3d at 817 n.2. "Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Id.*

At the outset, before we may review the issue raised by Appellant's counsel, we must consider whether Appellant is eligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See*

- 4 -

*Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based on our review of the record, it is undisputed that Appellant does not meet any of the foregoing eligibility requirements as he has completed his October 25, 2012 sentence of 90 to 365 days' imprisonment. Thus, the appeal *sub judice* must be dismissed for want of jurisdiction.

PCRA counsel has complied with *Turner*/*Finley*. We independently have reviewed the record, and we are convinced that no meritorious appellate issues exist.

Petition to withdraw granted. Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2017